Electronically Filed
Intermediate Court of Appeals
29672
30-JAN-2012
08:59 AM

NO. 29672

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CLIFFORD K. PARKER, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 07-1-1282)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Leonard, JJ.)

Defendant-Appellant Clifford K. Parker (Parker) was convicted of six counts of wilful failure to file Hawai'i income tax returns and six counts of attempting to evade or defeat Hawai'i income taxes.

I.

During the years 2000 through 2005, Parker was employed by Meadow Gold Dairies (Meadow Gold) and earned wages which obligated him to pay Hawai'i income taxes for each of those years. Parker had prepared and filed a Hawai'i income tax return for the year 1994. On February 12, 1997, Parker filed a State of Hawai'i Department of Taxation Form HW-4, entitled "Employee's Withholding Allowance and Status Certificate" (Form HW-4), with Meadow Gold claiming ten withholding allowances. In March 1997, Parker filed another Form HW-4 with Meadow Gold claiming ninety-nine withholding allowances. The effect of Parker's filing the

Form HW-4 claiming ninety-nine withholding allowances was that Meadow Gold did not withhold any Hawaiʻi income taxes from Parker's paychecks for the years 2000 through 2005. Parker did not file Hawaiʻi income tax returns or pay Hawaiʻi income taxes for the years 2000 through 2005.

Plaintiff-Appellee State of Hawaiʻi (State) charged Parker by indictment with six counts of wilful failure to file a return, in violation of Hawaii Revised Statutes (HRS) § 231-35 (2001)[1] (Counts I through VI), and six counts of attempt to evade or defeat a tax, in violation of HRS § 231-34 (2001)[2] (Counts VII through XII). After a jury trial, Parker was found guilty as charged on all twelve counts. The Circuit Court of the First Circuit (Circuit Court)[3] sentenced Parker to concurrent terms of five years of probation, subject to the special condition of thirty days of incarceration. On February 10, 2009, the Circuit Court filed its Judgment of Conviction and Probation Sentence (Judgment). Parker appeals from this Judgment.

II.

On appeal, Parker claims that: (1) the Circuit Court erred in denying his motion for judgment of acquittal on Counts I through VI and Counts VII through XII because there was insufficient evidence to support his convictions on those counts; and (2) the Circuit Court's jury instructions were prejudicially erroneous and misleading because they contained impermissible

---

[1] HRS § 231-35 provides, in relevant part:

> Any person required to make a return . . . under title 14, who wilfully fails to make the return . . . at the time or times required by law, shall in addition to other penalties provided by the law, be guilty of a misdemeanor . . . .

[2] HRS § 231-34 provides, in relevant part:

> Any person who wilfully attempts in any manner to evade or defeat any tax imposed under title 14, or its payment, in addition to other penalties provided by law, shall be guilty of a class C felony . . . .

[3] The Honorable Steven S. Alm presided.

comment by the Circuit Court on the evidence.   We affirm Parker's convictions and the Circuit Court's Judgment.

III.

We resolve the arguments raised by Parker on appeal as follows:

A.

The Circuit Court did not err in denying Parker's motion for judgment of acquittal on Counts I through XII.   When viewed in the light most favorable to the State, there was sufficient evidence to support Parker's convictions on these counts.   See State v. Alston, 75 Haw. 517, 528, 865 P.2d 157, 164 (1994); State v. Souza, 119 Hawai'i 60, 72, 193 P.3d 1260, 1272 (App. 2008).   The gist of Parker's argument is that the jury should have disregarded the State's evidence and credited his testimony that he did not wilfully fail to file his tax returns or wilfully attempt to evade taxes because he had an honest and good faith belief that he was not required to pay taxes.

However, in reviewing a sufficiency of the evidence claim, "this court will not attempt to reconcile conflicting evidence, or interfere with a jury decision based on the credibility of witnesses or the weight of the evidence."   State v. Yamada, 116 Hawai'i 422, 442, 173 P.3d 569, 589 (App. 2007) (block quote format and citation omitted); see State v. Smith, 106 Hawai'i 365, 372, 105 P.3d 242, 249 (App. 2004) ("It is the province of the jury, not the appellate courts, to determine the credibility of witnesses and the weight of the evidence.").   Among other things, the evidence showed that Parker had previously filed a Hawai'i tax return for 1994, indicating his understanding of the obligation to file returns and to pay taxes, and that although Parker claimed he honestly believed it was possible to "detax" and lawfully stop paying taxes, he did not sign certain "detaxing" documents until after he was indicted.   The jury could also consider the extent to which Parker's asserted beliefs were unreasonable in determining whether they were honestly held.   See Souza, 119 Hawai'i at 69-70, 193 P.3d at

3

1269-70. The jury's verdicts were supported by substantial evidence.

B.

The Circuit Court's jury instructions did not contain impermissible comment on the evidence, and when viewed as a whole, the jury instructions were not prejudicially erroneous or misleading. See State v. Nomura, 79 Hawai‘i 413, 417, 903 P.2d 718, 722 (App. 1995). Contrary to Parker's claim, the Circuit Court did not instruct the jury that Parker's taxpaying history was sufficient to establish wilfulness thereby removing the state of mind element from the jury's consideration. Instead, the Circuit Court simply instructed the jury that a defendant's prior taxpaying history "is competent evidence to establish 'willfulness.'" The Circuit Court's instruction did not constitute an impermissible comment on the evidence, but correctly advised the jury that it could consider a defendant's taxpaying history in deciding whether he acted wilfully.

We also reject Parker's claim regarding the Circuit Court's instructions on the affirmative act necessary to prove tax evasion. With respect to establishing an attempt to evade or defeat a tax as charged in Counts VII through XII, the Circuit Court instructed the jury that the State had to prove an affirmative act willfully done by the defendant in furtherance of an intent to evade or defeat a tax; that a willful omission alone was insufficient; and that Parker acted willfully with respect to Counts VII through XII if he knew he had a legal duty to pay taxes and intentionally attempted to evade that duty. The Circuit Court further instructed the jury: "The affirmative act requirement can be met by the filing of a false W-4. Maintaining a false W-4 with an employer constitutes an affirmative act for every year it is maintained . . . as the taxpayer has a

4

continuing obligation to correct misrepresentations he intentionally made."[4]

Contrary to Parker's contention, the Circuit Court did not instruct the jury that the affirmative act element had been met by Parker's filing of the Form HW-4 claiming ninety-nine withholding allowances. Viewed in context and as a whole, the Circuit Court's instructions advised the jury that the filing of a false Form HW-4 could constitute an affirmative act of evasion for every year it was maintained. Under the Circuit Court's instruction, it was up to the jury to determine whether Parker's Form HW-4 at issue was false, whether Parker willfully filed the Form HW-4 with the intent to evade or defeat taxes, and whether Parker's filing of the Form HW-4 was an affirmative act done in furtherance of such intent. Parker is not entitled to relief based on his jury instruction claim.

IV.

We affirm the Circuit Court's February 10, 2009, Judgment.

DATED: Honolulu, Hawai'i, January 30, 2012.

On the briefs:

Jeffrey A. Hawk
(Hawk Sing Ignacio & Waters)
for Defendant-Appellant

Janine R. Udui
Deputy Attorney General
for Plaintiff-Appellee

Craig H. Nakamura
Chief Judge

Daniel R. Foley
Associate Judge

Associate Judge

---

[4] A Form W-4 is the United States Internal Revenue Service counterpart to the Hawai'i Department of Taxation Form HW-4.